UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| POS INVESTMENTS, LLC, | Case No. 2:22-cv-02144-RFB-BNW |
| Plaintiff, | ORDER |
| v. | |
| CLEAR RECON GROUP, *et al.*, | |
| Defendants. | |

Before the Court is "CitiMortgage, Inc. ("Citi")'s Motion to Dismiss and Expunge Lis Pendens (ECF No. 33). For the reasons stated below, the motion is granted.

## I. PROCEEDURAL HISTORY

On December 27, 2022, this case was removed from the Nevada Eighth Judicial Circuit Court. ECF No. 1. Following Citi's first motion to dismiss (ECF No. 25), on June 16, 2023, Plaintiff POS Investments, LLC filed an Amended Complaint. ECF No. 30. On June 20, 2023, Plaintiff filed a Motion for a Preliminary Injunction seeking to maintain the status quo pending the resolution of this litigation. The motion was fully briefed. ECF Nos. 34, 37. On June 30, 2023, Citi filed a renewed Motion to Dismiss, ECF No. 33, which was fully briefed on August 11, 2023. ECF Nos. 38, 39. On October 17, 2023, Citi filed a Motion for Leave to File Supplemental Authority concerning the Nevada Supreme Court's recent opinion in LV Debt Collect, LLC v. Bank of New York Mellon, 534 P.3d 693 (Nev. 2023). Plaintiff responded on October 31, 2023.

## II. FACTUAL BACKGROUND

The following facts are taken from the allegations in the Amended Complaint and from authenticated exhibits included in Citi's Motion to Dismiss. See Intri-Plex Tech., Inc. v. Crest Grp.

Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgement as long as the facts are not subject to reasonable dispute.").

This matter concerns a property located at 3450 Erva Street, No. 250, Las Vegas, Nevada 89117, APN 163-17-114-038 ("the Property"). In January 2008, a deed of trust ("DOT") encumbering the Property was recorded, memorializing an obligation between borrower Judith Martin and a lender. The Federal Home Loan Corporation ("Freddie Mac") acquired the loan shortly after and retains ownership today. Citi services the loan, and, as such, is the current DOT beneficiary and holder of the underlying note. Plaintiff alleges Citi is not the DOT beneficiary.

Martin fell into arrears on HOA assessments and the HOA foreclosed on the property in July 2013. Keystone Properties, LLC purchased the property. During approximately the same period, Martin also defaulted on the Note. In September 2013, the DOT trustee recorded a notice of default ("first NOD"). In February 2014, Keystone sued Citi in state court to quiet title. During this period, Plaintiff took possession of the property and was substituted as plaintiff in the state action. In May 2020, a final order was entered, and Citi prevailed in the quiet title action. On May 23, 2022, Citi, as the DOT trustee recorded a new notice of default ("second NOD"). Prior to the sale, Plaintiff brought a suit to quiet title in state court.

### III. LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## IV.  DISCUSSION

Plaintiff's Amended Complaint presents several claims. Primarily, Plaintiff argues the Court should grant quiet title or declaratory judgement in its favor because either (1) the DOT was terminated by Nevada's ancient liens statute or (2) that Citi does not possess the DOT. Plaintiff also presents separate claims for Injunctive Relief, Wrongful Foreclosure, and Breach of NRS 107.028. For the reasons explained below, the Court finds each argument unavailing.

As a threshold matter, Plaintiff also named Defendant Clear Recon Corp. in several of the claims in the Amended Complaint. However, despite the Court's warning that proper proof of service against Clear Recon Corp. had not been filed and that dismissal pursuant to Federal Rule of Civil Procedure 4(m) was imminent, Plaintiff did not remedy the defect, nor did it show good cause. Therefore, Clear Recon Corp. is dismissed from the action without prejudice.

### A. Ancient Liens Statute

Plaintiff's first theory is that the DOT was terminated by the Nevada ancient liens statute. Nevada Revised Statute 106.240, the "ancient lien" statute, provides:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

NRS § 106.240. Simply put, the statute "provides a means by which liens on real property are

automatically cleared from the public records after a certain period of time." SFR Invs. Pool 1, LLC v. U.S. Bank N.A., 507 P.3d 194, 195 (Nev. 2022). That period is ten years from when the unpaid debt secured by the lien has become "wholly due." Id.; see also Pro-Max Corp. v. Feenstra, 117 Nev. 90, 94 (2001) (holding notes and deeds of trust discharged because no recorded extension was made, and ten years had passed since the notes became due).

The Amended Complaint attempts to support Plaintiff's argument by arguing that DOT presently has no force or effect as a matter of Nevada law because all amounts due and owing under the underlying promissory note became wholly due in or about September 2021 or July 3, 2023. However, this is a bare set of legal conclusions unadorned by any factual allegation.[1] The Nevada Supreme Court has been clear that under a plain reading of the ancient liens statute, a debt becomes wholly due only according to two sources: "(1) the 'terms thereof,' referring to the mortgage or deed of trust, or (2) 'any recorded written extension thereof.'" LV Debt Collect, LLC v. Bank of N.Y. Mellon ("LVDC"), 534 P.3d 693, 697 (Nev. 2023). Plaintiff makes no factual allegations or suggestions that the terms of the mortgage, DOT, or any recorded written extension thereof rendered the deed of trust wholly due under ancient liens statute. See id. at 699 (holding such purported acceleration language must be sufficiently clear and unequivocal).

Therefore, the Court finds that Plaintiff has presented no "cognizable legal theory" for quiet title or declaratory relief under the ancient liens statute. Balistreri v. Pacifica Police Dep't, 901 F.2s 696, 699 (9th Cir. 1990). Further, the Court finds that amendment would be futile. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

### B. Rogue Instrument Theory

Plaintiff's next theory is that Citi is not in possession of the original promissory note, thereby has no right to foreclose. To support this contention, Plaintiff alleges upon information

---

[1] To the extent that Plaintiff argues that either (1) purported notice of default and acceleration of the underlying loan or (2) the HOA foreclosure rendered the deed of trust "wholly due," those arguments are inapposite. The Nevada Supreme Court has rejected the argument that a discretionary acceleration clause can trigger the ancient liens statute. LV Debt Collect, LLC v. Bank of N.Y. Mellon ("LVDC"), 534 P.3d 693, 698 (Nev. 2023). Similarly, a foreclosure is not "a document that can render a secured loan 'wholly due' for purposes of triggering the [ancient liens] statute's 10-year time frame." Id. at 699; see also id. (explaining that the ability to cure, even if not exercised, prevents a debt becoming wholly due).

and belief that the DOT was "endorsed in blank" and that Citi is not the present owner of the note. Under Nevada law, there is a "general presumption that the note traveled with the deed of trust." Jones v. U.S. Bank Nat'l Ass'n, 460 P.3d 958, 962 (Nev. 2020). Plaintiff has provided no allegations that would support a departure from this presumption. Further, Nevada law clearly permits foreclosure on a deed of trust without proffering the original promissory note. Nev. Rev. Stat. § 107.0805(1)(b) (requiring only attestation that one holds the promissory note and is the current beneficiary of record for foreclosure). Therefore, the Court finds that the rogue instrument argument fails as a matter of law and amendment would be futile.

### C. Injunctive Relief

Plaintiff's third claim is for Injunctive Relief. However, injunctive relief is not a cause of action but, rather, a remedy. Accordingly, the Court dismisses the Injunctive Relief claim without leave to amend.

### D. Wrongful Foreclosure

Plaintiff's fourth claim is for Wrongful Foreclosure. Under Nevada law, a Wrongful Foreclosure action requires *inter alia* that a foreclosure sale take place. Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983) (holding a wrongful foreclosure claim is ripe only when "the power of sale was exercised" and a "foreclosure occurred"). The Amended Complaint makes no allegation that a sale of the Property occurred. Therefore, the Court dismisses Plaintiff's fourth claim without leave to amend.

### E. Breach of NRS 107.200

Plaintiff's final claim is that Citi violated NRS 107.200, alleging that Citi failed to respond to a request for proper request for information. Nevada law requires the beneficiary of a deed of trust to provide upon request certain information, including the unpaid loan balance, monthly payment amount, and interest rate. Nev. Rev. Stat. § 107.200 *et seq*. NRS 107.300 provides a cause of action where a beneficiary violates NRS 107.200 *et seq.* willfully. The statue defines "willfully" as an "intentional failure to comply with the requirements of NRS 107.200 . . . without just cause." Nev. Rev. Stat. § 107.300(3).

The Court finds Plaintiff has failed to plead sufficient facts to establish Citi willfully failed to comply with NRS 107.200 *et seq*. Beyond simply repeating the language of NRS 107.300(3), Plaintiff only alleges that Plaintiff's proper request for information was received by Citi and that Citi willingly failed to reply within the statutorily mandated period. There are no factual allegations concerning intentionality or a lack of just cause. See Nev. Rev. Stat. § 107.300(3); Iqbal, 556 U.S. at 678 (holding that a plaintiff must do more than assert "labels and conclusions" or furnish "a formulaic recitation of the elements of a cause of action[.]"). To the extent Plaintiff argues that the failure to respond alone is a *per se* violation of NRS 107.200 is to write the NRS 107.300(3) definition of "willfully" out of the statutory scheme. See Arlington Central Sch. Dist. Bd. of Ed. v. Murphy, 548 U.S. 291, 299 n.1 (2006) ("[I]t is generally presumed that statutory language is not superfluous. . . .").

Because leave to amend should be granted with "extreme liberality," Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted) and the Court finds that the NRS 107.300 may be supportable by additional facts on amendment, leave is granted to amend this claim. See also Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1152 (9th Cir. 2011); Foman v. Davis, 371 U.S. 178, 182 (1962).

### F. Expungement of the Lis Pendens

A Notice of Pendency or a Lis Pendens is a "notice of an action affecting real property" which is pending in a judicial proceeding, including before this Court. See Nev. Rev. Stat. § 14.010(2). An action for money damages only, even if it relates to the specific property at issue, will not support a lis pendens. Tahican v. Eighth Judicial Dist. Court of Nev., 523 P.3d 550, 554 (Nev. 2023) (holding the Nevada lis pendens statute requires the action affect the title or possession of real property). NRS 14.015 provides the requirement for defeating a motion to expunge a lis pendens—the non-movant must show "entitle[ment] to relief affecting the title or possession of the real property." See also id. (applying NRS 14.015). This Order dismisses all of Plaintiff's claims. The only claim the Court has granted leave to amend is the 107.300 claim, which provides only for money damages of $300 or actual damages and cannot affect the title or possession of the Property. Accordingly, the Court grants the Motion to Expunge Lis Pendens.

## V.     CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant CitiMortgage, Inc.'s Motion to Dismiss (ECF No. 33) is **GRANTED**. The Amended Complaint is dismissed with prejudice, excepting Claim Six (Violation of NRS 107.200 *et seq.*), which is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff POS Investments, LLC is granted leave to amend only Claim Six. If Plaintiff wishes to amend the Complaint, Plaintiff must file an amended Complaint by **April 8, 2024**. The Court does not grant leave to amend the Complaint to add any additional claims or parties.

**IT IS FURTHER ORDERED** that Defendant Clear Recon Group is dismissed from the case. The Clerk of Court is instructed to update the parties and case caption accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expunge Lis Pendens (ECF No. 33) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Citi's Motion for Leave to File Supplemental Authority is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Preliminary Injunction (ECF No. 31) and Defendant Citi's Motion to Dismiss (ECF No. 25) and Motion to Extend time (ECF No. 43) are **DENIED** as moot.

**DATE:** March 25, 2024.

 

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**